## JOHNSON & *al. versus* STILLINGS.

By the statute of 1847, (amendatory of the Act of 1844, to secure to married women their rights in property,) a subsequent conveyance of land by a husband directly to his wife is made effectual to pass the title, unless the creditors of the husband may be thereby defrauded.

ON FACTS AGREED.

WRIT OF ENTRY.

The land demanded was the property of Mark Lord and Betsey Lord, his wife, under a conveyance made to them jointly in April, 1848, and was paid for out of the avails of land sold, which belonged to the said Betsey and to said Mark in her right. In June, 1848, the husband, by a deed of quitclaim in common form, conveyed to the wife all his rights in the land, to hold to her, her heirs and assigns. The wife died on June 9, 1852, and the husband died on the 10th of the same June. Mark Lord left no children, and the property is not needed for the payment of his debts. This suit is brought by the collateral heirs of said *Betsey* to recover the land against the collateral heir of said *Mark*.

*Goodenow*, for the demandant.

*Clifford*, for the tenant.

1. Husband and wife are regarded as one person in law, and where land is conveyed to them, they are not seized of moieties, but of the entirety of the estate; and the survivor takes the whole. *Harding* v. *Springer*, 14 Maine, 407; *Shaw* v. *Hearsey*, 5 Mass. 521; 2 Kent's Com. 132; *Fox* v. *Fletcher*, 8 Mass. 27; *Barnum* v. *Abbot & al.* 12 Mass. 474; *Motley* v. *Whitemore*, 2 Dev. & But. 537, (N. C.;) *Jackman* v. *Stevens*, 16 Johns. 110; 2 Black. Com. 183; Co. Litt. 187; *Doe* v. *Howland*, 8 Cow. 277; *Brownson* v. *Hall*, 16 Ver. 309; *Jackson* v. *McConnell*, 19 Wend. 175; *Fairchild* v. *Chastelloux*, 1 Penn. 176; *Needham* v. *Branson*, 5 Ire. 426; *Taul* v. *Campbell*, 7 Yerg. 319; *Gibson* v. *Zimmerman*, 12 Miss. 385.

2. A deed made directly by husband to his wife is void. *Martin* v. *Martin*, 1 Maine, 394; *Osgood* v. *Breed*, 12 Mass.

525; *Adams* v. *Kellogg*, Kerby, (Conn.) 195; *Marston* v. *Norton*, 5 N. H. 205; *Herrington* v. *Herrington*, Walker, 322; *Abbot* v. *Hurd*, 7 Blackf. 510.

3. Statutes enacted in derogation of the common law are to be construed strictly. *Melody* v. *Reab*, 4 Mass. 473; *Gibson* v. *Jenney*, 15 Mass. 206. It is said by PUTNAM, J. in *Commonwealth* v. *Knapp*, that " it is an established rule that a statute is not to be construed so as to repeal the common law, unless the intent to alter it is clearly expressed.

4. Thus far, the course of judicial decisions in this State upon this subject indicates a pretty close observance of this rule. *Trask* v. *Patterson*, 29 Maine, 499; *McLellan* v. *Nelson*, 27 Maine, 129; *Greenleaf* v. *Hill*, 31 Maine, 562.

5. The statute of 1847 does not so far change the common law as to give any effect to a deed directly from husband to his wife. *Swift* v. *Luce*, 27 Maine, 285.

WELLS, J. — The demanded premises were conveyed to Mark Lord and his wife in April, 1848. The husband survived the wife, but on the eighth day of June, 1848, he conveyed the premises to her by a deed duly executed. The demandants are the heirs at law of the wife, and if the conveyance to her is valid, they are entitled to recover.

By the common law, the legal union of the husband and wife made them one person, and hence they could not contract with each other. *Martin* v. *Martin*, 1 Greenl. 394.

By the Act of August 2, 1847, c. 27, § 1, it is provided that " any married woman may become seized or possessed of any property, real or personal, by direct bequest, demise, gift, purchase or distribution, in her own name, and as of her own property, exempt from the debts or contracts of the husband."

If there had been no further provision, it might have been fairly inferred, that the Act did not contemplate the acquisition of property by the wife directly from the husband. But in the second section of the Act there is a further provision, that " the said first section shall be subject to the proviso, that if it shall appear that the property so possessed, being pur-

chased after marriage, was purchased with the moneys or other property of the husband, or that the same being the property of the husband, was conveyed by him to the wife directly or indirectly, without adequate consideration and so that the creditors of the husband might thereby be defrauded, the same shall be held for the payment of the prior contracted debts of the husband."

The whole Act must be taken together to ascertain its meaning. The second section regards a conveyance under the Act as made by the husband directly to the wife, by virtue of the first section. It recognizes such a direct conveyance as one that may exist under the power previously conferred, and in case of fraud, loads the property transferred with the prior debts of the husband. By providing what should be done in case the husband should convey directly to the wife " without adequate consideration and so that the creditors of the husband might thereby be defrauded," the sense of the statute very clearly indicates, that a married woman may become seized or possessed of property directly from her husband.

Before the existence of the statute, the husband could convey to trustees for the use of his wife, or to a third person, who might convey to the wife, and the Legislature must have intended to allow that directly to be done, which might have been done indirectly.

The demandants are entitled to recover, and a default must be entered.

SHEPLEY, C. J., and TENNEY, HOWARD and APPLETON, J. J., concurred.